Case 2:21-cv-14350-KMM Document 1 Entered on FLSD Docket 08/25/2021 Page 1 of 20

FILED BY ___scn___ D.C.
Aug 25, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Ft. Pierce

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida
St. Lucie County Division

| | | |
|---|---|---|
| Sonia Hruska | ) | Case No. 2:21cv14350 |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Jury Trial: *(check one)* [✔] Yes [ ] No |
| -v- | ) | |
| Dockside View LLC dba On the Edge Bar & Grill, Walter Wilfinger and Jonathan Wilfinger | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |

## PLAINTIFF SONIA HRUSKA
## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Sonia Hruska |
   | Street Address | 244 Kingfisher Bay drive |
   | City and County | Demopolis |
   | State and Zip Code | Alabama 36732 |
   | Telephone Number | 920-328-4141 |
   | E-mail Address | shruska@protonmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: DOCKSIDE VIEW LLC
- Job or Title (if known): (DBA) ON THE EDGE BAR AND GRILL
- Street Address: 1136 SEAWAY DRIVE
- City and County: FORT PIERCE, ST LUCIE COUNTY
- State and Zip Code: FLORIDA 34949
- Telephone Number: (772) 882-9729
- E-mail Address (if known):

Defendant No. 2
- Name: WALTER WILFINGER
- Job or Title (if known): MANAGER/OWNER
- Street Address: 2751 NE 48TH STREET
- City and County: LIGHTHOUSE POINT, BROWARD COUNTY
- State and Zip Code: FLORIDA 33064
- Telephone Number: (772)468-3555
- E-mail Address (if known):

Defendant No. 3
- Name: JONATHAN W WILFINGER
- Job or Title (if known): MANAGER/OWNER
- Street Address: 2741 NE 48TH STREET
- City and County: LIGHTHOUSE POINT, BROWARD COUNTY
- State and Zip Code: FLORIDA 33064
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question      ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
28 U.S.C. § 1332, Plaintiff SONIA HRUSKA is a citizen of Alabama. Defendant ON THE EDGE DOCKSIDE LLC (DBA) ON THE EDGE BAR AND GRILL, is a corporation registered and doing business in Florida. Defendants WALTER WILFINGER and JONATHAN W WILFINGER are residents of Florida. The amount at stake is more than $75,000, which makes this a diversity of citizenship case. None of the Defendants are citizens of the same State as the Plaintiff.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual
        The plaintiff, *(name)* SONIA HRUSKA, is a citizen of the State of *(name)* ALABAMA.

    b.  If the plaintiff is a corporation
        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual
        The defendant, *(name)* WALTER WILFINGER, is a citizen of the State of *(name)* FLORIDA. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

         The defendant, *(name)* **DOCKSIDE VIEW LLC**, is incorporated under the laws of the State of *(name)* **FLORIDA**, and has its principal place of business in the State of *(name)* **FLORIDA**.

         Or is incorporated under the laws of *(foreign nation)* _____,

         and has its principal place of business in *(name)* _____.

    c.    **See attached**

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

     The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
Plaintiff suffered damages in excess of $500,000

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/23/21

Signature of Plaintiff

Printed Name of Plaintiff: Sonia Hruska

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

UNITED STATES DISTRICT COURT for the
SOUTHERN District of FLORIDA
St. Lucie County Division

SONIA HRUSKA            CASE NO:

     Plaintiff(s)

vs.

DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL,
WALTER WILFINGER and
JONATHAN W WILFINGER,

     Defendant(s)

## PLAINTIFF SONIA HRUSKA
## COMPLAINT FOR A CIVIL ACTION

II. **Basis for Jurisdiction**

    **B.**    If the Basis for Jurisdiction Is Diversity of Citizenship

        2.    The Defendant(s)

        c.    If the defendant is an individual

            The defendant, JONATHAN W WILFINGER, is a citizen of the State of FLORIDA

III. **Statement of Claim**

1. Defendants owed a duty of care to the Plaintiff, as an invitee, to maintain their property in such a way that it is safe to enter. Defendants breached their duty of care to Plaintiff to provide a safe environment, by allowing vermin to breed in the food establishment and on the premises through inadequate training, hiring and using unqualified staff, reckless and risky sanitation practices and inadequate pest control. Plaintiff suffered harm as a result of this breach of duty. Plaintiff was a business invitee, injured within the zone of risk created by this breach in duty by Defendants which was foreseeable and avoidable.



6

2. Defendants, Walter Wilfinger and Jonathan Wilfinger, in their capacity as managers, actively participated in the wrongdoing by hiring and using unqualified staff and by failing to follow Florida statutes and regulations on training and hiring of staff. Plaintiff was injured as a result of these actions which were foreseeable and avoidable. Defendants used these unqualified and untrained staff to provide a service to the plaintiff. Defendants allowed the reckless sanitation practices and sanitation violation to continue unabated while knowingly exposing the plaintiff to risk of injury.

3. **ALLEGATIONS COMMON TO ALL COUNTS**

   a. The incident giving rise to this action occurred in Fort Pierce, St Lucie County, Florida, therefore, St Lucie County, Florida is the proper venue for this action.

   b. **Duty of care**

   i. Restaurants and Property owners in Florida owe the highest degree of non-delegable duty of care to business invitees to make sure they are safe from dangers in the food establishment and on their property. Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, owed plaintiff the aforementioned duty of care.

   c. **Breach of duty of care**

   i. Defendants DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, were cited by the St Lucie County Health Inspector (hereinafter referred to as the Health Inspector) and pest control reports recorded monthly that vermin were present in the establishment. By not practicing adequate pest control measures and sanitation practices, Defendants breached their duty of care owed to the Plaintiff.

   ii. The Defendant, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, failed to warn the Plaintiff of the danger of vermin and specifically in the seated serving area. As a tourist, Plaintiff did not have the superior local knowledge that defendants have. By not warning the Plaintiff, the defendant breached the duty of care they owed to the Plaintiff;

   iii.   Defendants Walter and Jonathan Wilfinger breached the duty of care they owed to the Plaintiff when they did not warn her that:

1. they did not intend to provide patrons with a safe restaurant environment and safe restaurant premises;

2. patrons should not expect that they provide a safe environment and that patrons should make a critical inspection of the restaurant when visiting. A critical inspection would include an inspection of the kitchen, which not only create a sanitation risk but also of contamination, which translates into a risk for other patrons;

3. they do not view the extensive number of sanitation violations recorded by the sanitation inspector, that put patrons at risk of injury, as a breach of their duty towards patrons.

   iv.   The Defendant, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, failed to meet the standard of conduct required by law and negligently breached the reasonable standard of care owed to the Plaintiff, so far beyond reasonable standards that they violated fifty seven (57) sanitary and health codes from July to December 2017. The staff violated and repeatedly violated even basic codes that are those which are considered best practices to implement to maintain acceptable sanitary standards. Nine (9) of the fifty seven (57) violations are considered high priority and considered a significant threat or danger.

This risky behavior created a zone of risk that endangered the Plaintiff, thus breaching the care of duty owed to the Plaintiff.

   d.  **Causation**

The Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, by their inadequate sanitation practices and repeated violations to prevent vermin from entering and breeding, placed the Plaintiff in the zone of risk that caused her injury as they created a favorable habitat for spiders to nest and breed.

   e.  **Background**

On or about August 29th, 2017, Plaintiff, SONIA HRUSKA, lawfully entered the premises of ON THE EDGE BAR AND GRILL, as business invitee with her son, Andre R Nienaber, who was visiting from South Africa, to have an early dinner. The Plaintiff, through no fault of her own, and with no warning at all, was injured when she sat down at a table after an unknown waitress directed them to a table. During dinner the Plaintiff felt a slight sting and pulled her chair out to wipe her leg. Plaintiff told her son that something was biting her. While having an after dinner drink, still at the restaurant, she noticed faint red spots and showed it to her son. The remainder of the holiday was a severe challenge, as that evening, the Plaintiff developed headaches that continued for approximately three weeks. The headaches, compounded by extreme fatigue, prohibited the Plaintiff from participating in activities with her son.

In excess of thirty (30) bites were visible on the lower front of the Plaintiff's legs which would be consistent with her pushing her legs into a nest of a breeding colony of spiders.

The plaintiff consulted with a pharmacist the following day, who recommended an over the counter ointment, which she bought and used over the following weeks.

Over the next weeks these red spots each developed blisters which in turn developed into open sores (ulcers) with a breakdown of tissue (necrosis).

i. The necrotic wounds developed consistent with what would be observed by bites from venomous spiders.

ii. The Plaintiff consulted her physician and was hospitalized the same day.

iii. She phoned the restaurant numerous times to attempt to contact the owners to seek relief for her medical treatment. She was told the owners were not interested in discussing the matter.

iv. Unknown at the time, the restaurant had no fault medical insurance cover to pay for injuries sustained at the restaurant, which the Defendants failed to make available to the Plaintiff as relief for her medical expenses.

f. **Harm**

   i. As a direct and proximate result of the negligence of Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, Plaintiff SONIA HRUSKA suffered bodily injuries in and about her body and extremities, resulting in pain and suffering, permanent and significant scarring, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of the ability to earn money, property loss, emotional distress, loss of consortium, permanent physical disability or disfigurement, aggravation of previous existing conditions, loss of family vacation time, loss of future and retirement plans, and will require extensive rehabilitation therapy. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

   ii. It is foreseeable that poor sanitation and a lack of vermin control will attract spiders that have the potential to cause injury, as insects, dead or alive are their food sources. The defendants poor sanitation record in 2017 is testament to the insufficient pest control and risky sanitation practices by defendant DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL.

   iii. Not only is it foreseeable, the Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, held a license to operate the food establishment under the condition that they adhere to statutes and maintain sound sanitation practices to prevent injury to invitees. These include the prevention of vermin from breeding and to avoid creating conditions that invited pests into the food establishment. They not only violated the statutes but their poor sanitation practices made the monthly pest control applications inadequate.

   iv. The danger that injured the Plaintiff existed for a length of time where it could have been discovered and eliminated through ordinary care. No extraordinary measures were required. Spiders nest where favorable conditions exist, food sources contribute to favorable habitats.

    v. Lack of knowledge due to negligence is not a legal defense, simply not tending to your own premises should not be a legal defense, especially if someone has been hurt. A long list of Health code violations in 2017, by the Defendant DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, shows a clear pattern of non-compliant, negligent, reckless and risky behavior.

    vi. Insanitation exposes invitees to a risk of harm, it is morally blameworthy because it is morally wrong to continue unsafe practices while exposing unknowing patrons to a risk of harm. Especially when the defendants were made aware of it by the health inspector and it is foreseeable and preventable.

g. **COUNT I – NEGLIGENT TRAINING**

    i. Plaintiff, SONIA HRUSKA repeats and reallegges those allegations contained in paragraphs III.2 and incorporates said allegations as if set forth fully herein.

    ii. Defendant, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, negligently failed to train their employees in Proper Insect and Pest Control, which is a mandatory training topic in the Employee Training Guidance Chapter.

    iii. Defendant, WALTER WILFINGER knowingly allowed these violations to continue after he received the numerous violation reports.

h. **COUNT II – NEGLIGENT HIRING AND USE OF UNQUALIFIED STAFF**

    i. Plaintiff, SONIA HRUSKA repeats and reallegges those allegations contained in paragraphs III.2 and incorporates said allegations as if set forth fully herein.

    **ii.** Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, negligently used and employed unqualified staff.

    **iii.** Defendants WALTER WILFINGER and JONATHAN W WILFINGER, as MANAGERS, appointed the unqualified staff and used unqualified staff from their other businesses to work at the restaurant, thus actively participating in the wrongdoing that caused the injury to the plaintiff.

i. **COUNT III – NEGLIGENCE**

Plaintiff, SONIA HRUSKA repeats and reallegges those allegations contained in paragraphs III.2 and incorporates said allegations as if set forth fully herein.

j. **COUNT III– PREMISES LIABILITY**

i. Plaintiff, SONIA HRUSKA repeats and reallegges those allegations contained in paragraphs III.2 and incorporates said allegations as if set forth fully herein.

ii. Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, negligently failed in their duty as organization that own and are in control of land and buildings to maintain their property in a safe condition.

iii. It is also the law that a Plaintiff SONIA HRUSKA was not obliged to make a critical examination of the surroundings she is about to enter, but on the contrary has the right to assume that those in charge have exercised due care in the matter of inspection, and have taken proper precautions for the safety of the patrons, and will use reasonable care in guarding her against injury.

iv. Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, should have known of the condition and failed to take reasonable steps to eliminate or reduce the danger, as it could have been discovered through ordinary care and inspection; that would have revealed the dangerous infestation, a dangerous condition that existed prior to the injury a length of time in excess of the time between reasonably spaced inspections. If the staff were qualified and trained as per Florida statutes in sanitation and pest control, they would have eliminated the condition.

v. Defendants, WALTER WILFINGER and JONATHAN W WILFINGER, as the managers of DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL actively participated in creating the dangerous condition by using unqualified and untrained staff.

k. **COUNT IV – GROSS NEGLIGENCE**

i. Plaintiff, SONIA HRUSKA repeats and reallegges those allegations contained in paragraphs III.2 and incorporates said allegations as if set forth fully herein.

ii. Defendants, WALTER WILFINGER and JONATHAN W WILFINGER, as the managers of DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL willfully and wantonly used and appointed unqualified staff and actively participated in creating the dangerous condition that injured the plaintiff.

iii. Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, willfully and wantonly and through extreme carelessness showed reckless disregard for the consequences to the safety of the public and the Plaintiff as a business invitee.

iv. Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, had the opportunity to offer the Plaintiff relief, at no burden to themselves, for Plaintiff's medical expenses. Medical expenses that caused hardship to the Plaintiff. Defendants deliberately and intentionally chose not to offer her relief through their no fault insurance cover for medical expenses for injuries sustained at the restaurant. This shows a total disregard for the well-being of the Plaintiff.

v. Defendant, WALTER WILFINGER swore an oath that the restaurant will be maintained according to Florida statutes and regulations when he applied for the license and sanitation certificate. He himself breached it by not appointing and using qualified staff and by his failure to act on the numerous sanitation violations that he was made aware of when he received the sanitation inspection reports.

vi. It is up to the trier of fact to determine if this oath was sworn falsely when both Walter and Jonathan Wilfinger deny having breached their duty of care by allowing practices that put patrons at risk of injury or deny having a duty at all.

## IV. Relief

These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

a. **Loss of the ability to earn money**

Plaintiff is unable to perform duties she has been performing for the three years prior to the injuries, which is construction and repairs on boats. Boatyards charge $90 per hour for the service. Plaintiff cannot work with epoxy and fiberglass at the risk of infection. Calculations are from Sept 2017 to August 2021.

Past: 7,680 hours x $90 = $ 691,200.00

Future: unspecified amount at this time. Unliquidated— As may be appropriate—amounts decided by court/jury after all evidence presented.

Additional amount as liquidated damages equal to the sum of the amount of damages described above calculated as described.

Interest on Loss of the ability to earn money: Interest at the highest lawful legal rate allowed by law.

b. **Medical expenses**

Plaintiff does not have healthcare insurance

Bryan W Whitfield Memorial Hospital  = $4313.50
   Discounts are included as it has not been determined if facility may deem them payable when claim for damages is successful.

Bryan W Whitfield Memorial Outpatient Physical Therapy = $2540.00
   Discounts are included as it has not been determined if facility may deem them payable when claim for damages is successful.

Dr Chu = $595.00
   Calculated until April 2019. Amounts continue to accrue and will be decided by the trier of fact after all evidence presented.

Medication and prescribed SSD cream = $352.22
   Calculated until April 2019. Amounts continue to accrue and will be decided by the trier of fact after all evidence presented.

Wound care
   Daily woundcare consists of cleaning with woundcleanser, replacement of gauze, bandages and application of SSD cream. Colloidal silver is used once daily after August 2018. Calculations for 4.b.v reflects September 2017 to August 2018, whereafter Colloidal was added .
   Bandages, Gauze, Wound-cleanser, Colloidal Silver
   330 days x $16.94 =$5,590.20
   240 days x ($16.94 + $3.35) = $4,872.00

Additional amount as liquidated damages equal to the sum of the amount of damages described above calculated as described.

Interest on medical expenses: Interest at the highest lawful legal rate allowed by law.

 *c.* **Future medical expenses**

  Unliquidated—amount up to trier of fact after all evidence presented and a valuation and diagnosis have been carried out closer to the trial date.

  Invasive surgery is not an option until necrosis has stopped. Necrosis decreased to an acceptable level in and about March 2019, healing of the affected areas are progressing satisfactory to consider invasive surgery. Currently the prognosis is that skin grafts may be required, as well as plastic surgery. Woundcare by a Woundcare facility and recovery through a rehabilitation centre will be required. The current estimate totals $364,900.00

  Additional amount as liquidated damages equal to the sum of the amount of damages described above calculated as described.

  The risk of recurring wounds is estimated at 65%, which may affect the future medical expenses significantly.

 *d.* **Lost family vacation time**

  My son visited from South Africa when I was injured. It was our first visit in 6 years and after the incident I had terrible headaches and extreme fatigue. Our holiday was ruined and I was unable to participate in activities that we planned. Following are estimates to have a do-over of the holiday for two weeks:

  $20,000

  Additional amount as liquidated damages equal to the sum of the amount of damages described above calculated as described.

  Interest on Lost family vacation time: Interest at the highest lawful legal rate allowed by law.

 *e.* **Property loss**

  Plaintiff was finishing the 36 foot Solar Trimaran that she was building and which was in the final stages of completion at the time of the injury, completion which is now in jeopardy due to the sustained injury.

  *1.* Boat US to move the boat to Dog River Marina, Mobile for finishing and repairs. It is the closest Boatyard from Demopolis that do repairs and boat work = $16,175.00

  2. Dog River Marina repairs and finishing 480 hours x $90 x 2 workmen. No materials, only labor = $86,400.00

  3. 38 deep cycle batteries that are damaged because of 2 winters on low charge. I was unable to charge them because they were on the boat and solar systems not yet installed = $76,000.00 – or alternative equivalent

  *4.* Rent for dockage and storage of the boat: $260 per month commencing December 2017 and is ongoing

Additional amount as liquidated damages equal to the sum of the amount of damages described above calculated as described.

Interest on property loss: Interest at the highest lawful legal rate allowed by law.

### f. **Pain and suffering**

Plaintiff was subjected to agonizing and excruciating pain and debilitating chronic, non-healing wounds for 18 months, that may continue in the future. Plaintiff is at risk of losing the limbs if the necrosis continue or reoccur. The plaintiff is experiencing severe immobility and is mostly confined to her home due to pain and to prevent infection to the open wounds. The Plaintiff was forced to forego of any normal activities, unless heavily pain medicated, like walking her Standard Poodles, wearing shoes, wearing pants, standing for more than short periods of time, sleeping in a bed (she has to sleep in a recliner with her ankles suspended between two foot stools), sailing, shopping, almost any activity that requires her to walk more than very short distances.

Unliquidated— As may be appropriate—amounts decided by court/jury after all evidence presented.

Interest on pain and suffering: Interest at the highest lawful legal rate allowed by law.

### g. **Permanent and significant scarring**

Permanent and significant scarring is evident. The costs for the services of a plastic surgeon can vary from $100,000 to $200,000 for per leg

As may be appropriate—amounts decided by court/jury after all evidence presented.

Interest on permanent and significant scarring: Interest at the highest lawful legal rate allowed by law.

### h. **Loss of future and retirement plans**

Plaintiff's retirement plan was to cruise full time. She was planning to do seatrials in 2018/2019 and then join other cruisers to Cape Town, South Africa, to follow the Cape to Rio sail race back to the USA in 2020. With the boat not being finished and with extensive medical treatment ahead, it is not foreseeable that she will be able to fullfill the dream.

As may be appropriate—amounts decided by court/jury after all evidence presented.

### i. **Loss of consortium**

Plaintiff's emotional state had a detrimental effect on her relationship with her husband as she was depressed and irritable. Sex was out of the question as she was in constant pain and cannot risk any activity that may cause contact with her legs.

As may be appropriate—amounts decided by court/jury after all evidence presented.

Interest on loss of consortium: Interest at the highest lawful legal rate allowed by law.

j. **Emotional distress**

Plaintiff had to endure pain, embarrassment, uncertainty of her future and see her dream of finishing her boat and full-time cruising slip away. Initially there was still hope, but as the wounds became more serious and her mobility impaired, depression set in.

For 18 months the possibility of the Plaintiff losing her legs was a sword hanging over her head. The extended agony is still not over as a full recovery is not a certainty

Financial burdens, especially medical bills, became overwhelming. Twenty months of emotional, financial and physical hardship took its toll and plaintiff was finding it extremely difficult to deal with the reality that her life changed forever due to the injury.

As may be appropriate—amounts decided by court/jury after all evidence presented.

Interest on emotional stress: Interest at the highest lawful legal rate allowed by law.

k. **Aggravation of previous existing conditions**

Plaintiff has asthma and had a heart attack. Exercise is a crucial element to maintaining a healthy lifestyle and lack of mobility worsens both. Keeping a healthy outlook on life and staying active was an integral part of her recovery program after the heart attack, it was a challenge to maintain after the injury.

The injury and the long recovery period increased the risk factors associated with Plaintiff's previous existing conditions. She had several heart attacks since the injury.

As may be appropriate—amounts decided by court/jury after all evidence presented.

Interest on damages for aggravation of previous existing conditions: Interest at the highest lawful legal rate allowed by law.

l. **Reasonable expenses relating to case**

Amount decided by trier of facts after all evidence presented—amounts continue to accrue.

m. **Punitive damages**

1. The Willful and Wanton Conduct of Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, exhibited a reckless disregard for the safety of others by the reckless way they ran the restaurant, which is an undisputable and inexcusable breach in the duty they owe invitees and the Plaintiff.

2. Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, through their repeated failure to meet the standard of conduct required by law, endangered the wellbeing and safety of the Plaintiff, which resulted into almost two years of agony for the Plaintiff and no certain recovery in the future.

3. Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL had no fault insurance cover to pay for medical expenses for injuries sustained at the restaurant. This was deliberately not offered to the Plaintiff and relief deliberately withheld from the Plaintiff. Plaintiff suffered undue stress and financial hardship because of the financial burden of the medical expenses.

Reckless behavior should not be institutionalized by rewarding it. Amount should be sufficient to discourage Defendants, DOCKSIDE VIEW LLC (DBA) ON THE EDGE BAR AND GRILL, WALTER WILFINGER and JONATHAN W WILFINGER, to continue their reckless behavior that endangers the safety and well-being of their invitees in the future and to raise their standard of conduct to the standard required by law.

Unliquidated— As may be appropriate—amounts decided by court/jury after all evidence presented.

Wherefore, plaintiff respectfully ask the court for judgment against defendants for the amount under **IV. Relief** .

RESPECTFULLY SUBMITTED,

SONIA HRUSKA
Pro se Plaintiff
E-mail: shruska@protonmail.com
244 Kingfisher Bay drive, Demopolis, AL, 36732
Telephone: (920) 328 4141

